**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PATTY BARTO, | ) | CASE NO. 1:23-CV-01352-CEH |
| | ) | |
| Plaintiff, | ) | JUDGE CARMEN E. HENDERSON |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendant, | ) | |

**I. Introduction**

Plaintiff, Patty Barto ("Barto" or "Claimant"), seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB"). This matter is before me by consent of the parties under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 6). For the reasons set forth below, the Court AFFIRMS the Commissioner of Social Security's nondisability finding and DISMISSES Plaintiff's Complaint.

**II. Procedural History**

On March 26, 2021, Claimant filed an application for DIB, alleging a disability onset date of March 15, 2021. (ECF No. 7, PageID #: 33). The application was denied initially and upon reconsideration, and Barto requested a hearing before an administrative law judge ("ALJ"). (*Id.*). On July 1, 2022, an ALJ held a hearing, during which Barto, represented by counsel, and an impartial vocational expert testified. (*Id.*). On August 22, 2022, the ALJ issued a written decision finding Claimant was not disabled. (*Id.* at PageID #: 33-41). The ALJ's decision became final on June 20, 2023, when the Appeals Council declined further review. (*Id.* at PageID #: 23).

1

On July 13, 2023, Claimant filed her Complaint to challenge the Commissioner's final decision. (ECF No. 1). The parties have completed briefing in this case. (ECF Nos. 8, 11). Claimant asserts the following assignment of error:

> WHETHER THE ADMINISTRATIVE LAW JUDGE ERRED IN DETERMINING PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY WITHOUT CONSIDERATION OF X-RAY AND OTHER RELEVANT EVIDENCE IN THE RECORD.

(ECF No. 8 at 1).

### III. Background

#### A. Relevant Hearing Testimony

The ALJ summarized the relevant testimony from Claimant's hearing:

> The claimant originally alleged disability due to meningitis, seizures, ulcers, gastritis, hernia, bursitis, arthritis, low iron/anemia, and anxiety/depression (Exhibit B3E). At the hearing, the claimant alleged that she is unable to work due to back pain and limited range of motion of her neck. She also alleges that she experiences lightheadedness, dizziness, anemia, and hip pain. The claimant testified that she has pain in her hand, especially on the right. The claimant alleges that she is limited in her ability to perform certain household chores and that her husband does all of the lifting at home. She alleges that she can sit ten minutes, stand five to ten minutes, walk five minutes, and lift five to ten pounds. The claimant alleged at the hearing that she has concentration issues as a result of anxiety.

(ECF No. 7, PageID #: 38).

#### B. Relevant Medical Evidence

The ALJ also summarized Claimant's health records and symptoms:

> [I]n March 2021, the claimant presented to an orthopedic specialist for neck pain that had been chronic for the previous ten years (Exhibit B2F). She was not taking any medications and denied any numbness or weakness of the upper or lower extremities. On examination, the claimant had full active range of motion, reflexes were intact, strength was full, and her gait was normal. Pain could not be reproduced in the cervical spine. Imaging of the cervical spine at that time demonstrated degenerative changes at the C6-7 level, but no fracture, scoliosis, or spondylolisthesis.
>
> The claimant subsequently sought treatment with a rheumatologist (Exhibit C5F at

2

5). At that time, she reported pain all over, mostly in her hands, spine, and hips. On examination, the claimant reported some mild discomfort with palpation of the digits, but no pain/tenderness. Her gait was normal, and she had full range of motion with no swelling, warmth, or tenderness of the neck, shoulders, elbows, wrists, MCP, PIP, DIP, knees, ankles, and toes. There was some tenderness over the left trochanteric bursa, but she had full range of motion of the back and full strength in the hands. These findings were essentially unchanged on follow-up (Exhibits B5F at 31 and B6F at 6). An MRI demonstrated mild degenerative changes at the L5-S1 level with spondylosis of the right L5 pars interarticulars (Exhibit B5F at 22). The claimant also received some treatment for chronic migraine (See Exhibit B3F).

On examination in March 2022, the claimant had a normal gait, exhibited normal and symmetric motor strength in the upper and lower extremities, and no focal deficits (Exhibit 12F). The claimant was evaluated by another rheumatologist in May 2022 (Exhibit B13F at 5). On examination, there was some mild synovial thickening of the elbows bilaterally with tenderness in the left elbow. There was tenderness in the shoulders, crepitus in the knees, tenderness in the hips, synovial thickening and tenderness in the ankles, cervical, thoracic, and lumbar spine tenderness, and SI joint tenderness. Range of motion of the cervical spine, shoulders, lumbar spine, elbows, wrists, hips, knees, and ankles was normal, and straight leg raise testing was unremarkable. Her medications were adjusted and by June 2022, she was reporting that she was feeling better than she had in many years (Exhibit B13F at 4).

(ECF No. 7, PageID #: 38-39).

## IV. The ALJ's Decision

The ALJ made the following findings relevant to this appeal:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2026.

2. The claimant has not engaged in substantial gainful activity since March 15, 2021, the alleged onset date (20 CFR 404.1571 et seq.).

3. The claimant has the following severe impairments: disorders of the skeletal spine, osteoarthritis and allied disorders, and migraine (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the following: lift, carry, push, and pull, twenty pounds occasionally and ten pounds frequently, stand and/or walk six hours

and sit six hours of an eight-hour workday, frequently climb ramps and stairs, never climb ladders, ropes, or scaffolds, frequently stoop, kneel, crouch, and crawl, and can have frequent exposure to extreme cold, vibration, and hazards (such as unprotected heights).

6. The claimant is capable of performing past relevant work as a bartender/waitress. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from March 15, 2021, through the date of this decision (20 CFR 404.1520(f)).

(ECF No. 7, PageID #: 35, 37, 39, 41).

## V. Law & Analysis

### A. Standard of Review

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

### B. Standard for Disability

The Social Security regulations outline a five-step process that the ALJ must use in determining whether a claimant is entitled to supplemental-security income or disability-insurance benefits: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her residual functional capacity ("RFC"); and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006). The claimant bears the ultimate burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. 20 C.F.R. § 404.1512(a). Specifically, the claimant has the burden of proof in steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at step five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.*

### C. Discussion

Claimant raises a single issue on appeal, arguing that the "ALJ erred when she determined Plaintiff's residual functional capacity (RFC) without full consideration of the record and improperly relied on State agency opinions" such that "the final decision of the ALJ lacked the support of substantial evidence." (ECF No. 8 at 10). Claimant argues that the "ALJ's analysis of the evidence contained no reference to the x-ray findings of [her] hands/wrists and the MRI findings of her hip joints, nor did the ALJ provide any explanation how these findings impacted

Ms. Barto's ability to perform work activities when determining RFC." (ECF No. 8 at 12). Additionally, Claimant argues that "the ALJ's RFC explanation failed to include relevant findings [of] synovial thickening in Ms. Barto's elbows and ankles, bilaterally, nor were these findings considered by the State agency physicians whose opinions the ALJ fully adopted." (*Id.*). Thus, Claimant takes the position that "[b]ecause the ALJ's RFC discussion lacked any clear consideration of [her] degenerative conditions in her hands and hips, and synovial thickening in her elbow and ankle joints, the ALJ's analysis did not provide an accurate and logical bridge between the evidence and the ALJ's RFC finding." (*Id.* at 12-13).

The Commissioner responds that the "ALJ's decision shows that she set forth specific reasons for her RFC finding, which included an analysis of the objective medical evidence, the efficacy of Plaintiff's treatment regimen, the [prior administrative medical findings] of the State agency medical consultants, and the lack of restrictions or limitations placed by any treating or examining provider." (ECF No. 11 at 1). As to the ALJ's failure to discuss the x-ray and MRI findings, the Commissioner argues that "an ALJ is not required to analyze the relevance of each piece of evidence individually, especially as here, where Plaintiff's rheumatologist, Dr. Ross, noted only that imaging of the pelvis contained equivocal findings regarding sacroiliitis and x-rays of the hands/wrists revealed questionable erosion, and where he did not include avascular necrosis or any hand/wrist impairments as diagnoses after reviewing these images and examining Plaintiff." (*Id.* at 15). Concerning synovial thickening, the Commissioner argues that only one exam in May 2022 showed evidence of mild synovial thickening of both ankles and "[t]he ALJ discussed these examination findings in her decision, as well as findings of tenderness in the left elbow and both ankles; however, she also discussed that, during that same examination, Plaintiff had normal range of motion of the elbows and ankles." (*Id.* at 16). Ultimately, the Commissioner

6

takes the position that substantial evidence supports the ALJ's decision such that it should be affirmed because "it is not enough for [Claimant] to point to substantial evidence that could have supported her desired outcome." (*Id.* at 11).

At step four, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence. 20 C.F.R. § 404.1520(e). An RFC determination sets out an individual's work-related abilities despite his or her limitations. *See* 20 C.F.R. § 404.1545(a). When supported by substantial evidence and reasonably drawn from the record, the Commissioner's factual findings are conclusive – even if a court might reach a different conclusion or if the evidence could have supported a different conclusion. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Rogers*, 486 F.3d at 241 ("[I]t is not necessary that this court agree with the Commissioner's finding, as long as it is substantially supported in the record."). This is so because the Commissioner enjoys a "zone of choice" within which to decide cases without being second-guessed by a court. *Mullen*, 800 F.2d at 545.

"In rendering his RFC decision, the ALJ must give some indication of the evidence upon which he is relying, and he may not ignore evidence that does not support his decision, especially when that evidence, if accepted, would change his analysis." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 880 (N.D. Ohio 2011) (citing *Bryan v. Comm'r of Soc. Sec.*, 383 F. App'x 140, 148 (3d Cir. 2010) ("The ALJ has an obligation to 'consider all evidence before him' when he 'mak[es] a residual functional capacity determination,' and must also 'mention or refute […] contradictory, objective medical evidence' presented to him.")); *see also* SSR 98-6p, 1996 WL 374184, at *7 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). The RFC is for the ALJ to determine; however, it is well established

that the claimant bears the burden of establishing the impairments that determine his RFC. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

Here, the ALJ found that Claimant could:

> lift, carry, push, and pull, twenty pounds occasionally and ten pounds frequently, stand and/or walk six hours and sit six hours of an eight-hour workday, frequently climb ramps and stairs, never climb ladders, ropes, or scaffolds, frequently stoop, kneel, crouch, and crawl, and can have frequent exposure to extreme cold, vibration, and hazards (such as unprotected heights).

(ECF No. 7, PageID #: 37).

The Court finds unavailing Claimant's argument that the ALJ erred in formulating the RFC without considering the entire record because she did not discuss the x-ray and MRI evidence. Although the MRI findings concerning Claimant's hip joints were not referenced in the decision, the ALJ specifically cited the exact same MRI but with respect to findings of "mild degenerative changes at the L5-S1 level with spondylosis of the right L5 pars interarticulars." (*Id.* at PageID #: 38; *see id.* at PageID #: 385). The ALJ did not explicitly mention or discuss the hand x-rays Claimant cites but the records were contained within the same exhibit the ALJ reviewed and cited multiple times in her opinion such that there is no reason to believe the ALJ did not consider these records. Additionally, the ALJ relied on the State agency opinions, which did explicitly reference the MRI and x-ray evidence. (*Id.* at PageID #: 155-56, 160, 169). Thus, it is clear to the Court that the ALJ considered the entire record in formulating the RFC and did not err in failing to further discuss the specific evidence cited by Claimant. *See Bayes v. Comm'r of Soc. Sec.*, 757 F. App'x 436, 445 (6th Cir. 2018) ("An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotation marks omitted); *see also Deaner v. Comm'r of Soc. Sec.*, 840 F. App'x 813, 819 (6th Cir. 2020) ("An

ALJ need not cite every piece of evidence in the record and an ALJ's failure to cite specific evidence does not indicate it was not considered.") (internal quotation marks omitted).

Having concluded that the ALJ properly considered the evidence, the question is whether the RFC determination was supported by substantial evidence. The ALJ explained that she found that Claimant's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms [were] not entirely consistent with the objective evidence of record and other evidence." (ECF No. 7, PageID #: 38). The ALJ cited medical evidence indicating that Claimant had full range of motion despite her complaints of pain. (*Id.*; *see id.* at PageID #: 349, 394, 406). Contrary to Claimant's argument, the ALJ specifically recognized that in May 2022 "there was some mild synovial thickening of the elbows bilaterally with tenderness in the left elbow" and "synovial thickening and tenderness in the ankles." (*Id.* at PageID #: 39). However, the ALJ noted that at the same exam, "[r]ange of motion of the cervical spine, shoulders, lumbar spine, elbows, wrists, hips, knees, and ankles was normal" and a month later Claimant reported that "she was feeling better than she had in many years." (*Id.*; *see id.* at PageID #: 462-68).

Additionally, the ALJ relied on opinions from the State agency evaluators because she found they were "consistent with the objective evidence of record." (*Id.* at PageID #: 39). "An RFC determination that is supported by the medical opinions of state agency physicians is generally supported by substantial evidence." *Sittinger v. Comm'r of Soc. Sec.*, No. 1:22-CV-01927-BYP, 2023 WL 6219412, at *13 (N.D. Ohio Sept. 7, 2023), *report & recommendation adopted sub nom.*, 2023 WL 6214530 (N.D. Ohio Sept. 25, 2023); *see also Maldonado o/b/o A.C. v. Kijakazi*, No. 4:20-CV-1878, 2022 WL 361038, at *6 (N.D. Ohio Jan. 14, 2022) ("There is ample case law concluding that State Agency medical consultative opinions may constitute substantial evidence supporting an ALJ's decision.") (collecting cases), *report & recommendation*

*adopted sub nom.*, 2022 WL 356557 (N.D. Ohio Feb. 7, 2022). To the extent Claimant challenges the ALJ's reliance on the State agency opinions because the findings of synovial thickening in her elbows and ankles were not considered by the State agency reviewers, such argument fails because "it is not error for an ALJ to rely on medical opinions from physicians who have not reviewed the entire record so long as the ALJ considers the post-dated evidence in formulating her opinion." *Edwards v. Comm'r of Soc. Sec.*, No. 1:17 CV 925, 2018 WL 4206920, at *6 (N.D. Ohio Sept. 4. 2018) (*citing McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009) (indicating that an ALJ's reliance upon state agency reviewing physicians' opinions that were outdated was not error where the ALJ considered the evidence developed post-dating those opinions)). As already discussed, the ALJ specifically referred to the synovial thickening in discussing Claimant's medical history.

In further support of her decision, the ALJ also noted the lack of "any opinions from treating or examining physician indicating that the claimant is disabled or even has limitations greater than those determined in this decision." (*Id.*). Thus, substantial evidence supports the ALJ's RFC determination and the Court must defer to it, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003).

## VI. Conclusion

Based on the foregoing, the Court AFFIRMS the Commissioner of the Social Security Administration's final decision denying Plaintiff benefits. Plaintiff's Complaint is DISMISSED.

Dated: April 12, 2024

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE